64

MARY D. GERARD, PETITIONER, v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 92759.    Promulgated June 8, 1939.

*Spotswood D. Bowers, Esq.*, for the petitioner.
*Walt. Mandry, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: A deficiency of $1,747.93 in income tax for the year
1934 is here contested. The sole issue before us is whether a certain
gain of $5,000 was a capital gain, taxable accordingly, or an ordinary
gain.

On March 26, 1930, the Apperson Realty Corporation negotiated a
loan from petitioner in the net amount of $225,000, agreeing to pay a
bonus of $22,500, the corporation, under that date, giving a bond and
mortgage for the aggregate of those sums or $247,500, with interest
at 6 percent. The money was paid by petitioner, the bonus repaid to
her, and from time to time through 1930, 1931, 1932, 1933, and 1934
various sums were paid on account of principal and interest. By the
end of 1934, petitioner had recovered her principal sum of $225,000
with interest, plus a sum of $5,000 which petitioner accounted for as a
capital gain, reporting 60 percent or $3,000 as taxable income. Re-
spondent treated the entire $5,000 as taxable. The bond and mort-
gage were still in effect in 1935 and certain payments were made in
that year, final payment being made May 14, 1935. Neither the bond
nor the mortgage had coupons attached nor does it appear to have
been registered.

Section 117 (f) of the Revenue Act of 1934, on which petitioner
relies, is as follows:

(f) RETIREMENT OF BONDS, ETC.—For the purposes of this title, amounts
received by the holder upon the retirement of bonds, debentures, notes, or cer-
tificates or other evidences of indebtedness issued by any corporation (includ-
ing those issued by a government or political subdivision thereof), with interest
coupons or in registered form, shall be considered as amounts received in
exchange therefor.

Petitioner contends that the bond and mortgage here involved con-
stituted an "evidence of indebtedness" within the meaning of the term
as above used and thus by relation to immediately preceding provi-
sions of the revenue act entitle her to report her gain as capital gain.

We are unable to agree with petitioner, and for several reasons. We may admit that a mortgage is, under general definitions, an "evidence of indebtedness", and yet be of the opinion that this bond and mortgage do not come within the quoted statute. The section deals with "Retirement of Bonds" and is premised on the statement, "amounts received by the holder *upon* the retirement of bonds" etc. The sum here in question was not received *upon* the retirement of a bond (and mortgage). The bond and mortgage were still in effect in 1935 and not paid in full until May 14 of that year. Moreover, the bond and mortgage fail of meeting the statutory test in that they did not have interest coupons nor were they registered. But a more basic reason than these is that a bond and mortgage given in the form and in the circumstances here present, under the old and well established doctrine of *noscitur a sociis*, are not included in the term "bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation." Obviously, Congress, by the use of the word "other", intended to limit the scope of the term "evidences of indebtedness."

In *Frank J. Cobbs*, 39 B. T. A. 642, we had for determination the question whether the voluntary surrender of a combined life insurance and annuity contract for its face amount was a sale or exchange under section 117 of the Revenue Act of 1934. Holding that it was not a sale or exchange, we stated that the term "evidence of indebtedness" as used in section 117 (f) excludes such contracts and is limited by the doctrine of *noscitur a sociis* to such things as bonds, debentures, notes, etc., which are specified in the context.

We make the same ruling here. Respondent's determination is sustained.

*Decision will be entered for the respondent.*